OHIO CIVIL RIGHTS COMMISSION, APPELLANT, *v.* LUCAS COUNTY WELFARE DEPARTMENT, APPELLEE.

(No. L-81-345—Decided April 23, 1982.)

*Ms. Sherrie Passmore Hummel,* for appellant.

*Mr. Richard Hanusz,* for appellee.

WILEY, J. The appeal herein is from a judgment entered in the Court of Common Pleas of Lucas County wherein the trial judge, in relevant part, stated:

"This cause came on for hearing before the Court on October 22, 1981. Oral argument was presented by counsel for both the petitioner and respondent. Counsel for both parties briefed the issues presented herein.

"The Court finds that the Public Assistance benefits and outstanding overpayments in Food Stamps were properly deducted by the respondent in the computation of a back pay award to Mary Ann Martin. Interest is to be computed on such award to January 16, 1981, the date respondent tendered a back pay award check to Mary Ann Martin. The Court further finds that the respondent has complied with Section IV, paragraph 4 of the Final Order of the Ohio Civil Rights Commission, dated July 21, 1981.

"It is ordered, adjudged and decreed that the respondent compute a back pay award and make payment to Mary Ann Martin in accordance with this decision. This cause is dismissed with costs to petitioner. Robert Franklin for Judge Charles Ayers."

The above judgment was issued after the filing of a petition for enforcement by the Ohio Civil Rights Commission against the Lucas County Welfare Department. The petition for enforcement stated, in part, that:

"3. That Petitioner brings this action pursuant to Ohio Revised Code Section 4112.06 (H) to enforce a Final Order duly and lawfully issued by the Commission on

July 21, 1981. A copy of said Order is attached hereto and marked Exhibit 1, and made a part hereof as if fully incorporated and rewritten herein.

"4. That Respondent did not institute a proceeding to obtain judicial review of the Final Order issued by Petitioner within the time authorized by section 4112.06 of the Ohio Revised Code.

"5. That Respondent has failed to comply with Section IV, paragraph (4) of the Final Order by the Commission."

Section IV, paragraph (4) of the Final Order issued by the Commission referred to, *supra,* states as follows:

"It is further ORDERED that the Respondent pay to the Complainant a back pay award equal to the amount of money the Complainant would have earned had she been reinstated by the Respondent, reduced by the amount of Complainant's interim earnings. * * *"

The sole assignment of error is stated thusly:

"The court below erred in finding that the welfare department properly deducted public assistance benefits from the back pay award."

The record indicates that in attempting to comply with the order of the Civil Rights Commission, the Lucas County Welfare Department calculated the amount of money the complainant would have earned from the period involved herein, to wit, August 19, 1976 through August 23, 1980. This amount was reduced by the actual wages the complainant had earned during this period and certain other deductions with regard to federal, state and city income taxes and monies which would have been contributed to the Public Employees Retirement System. The welfare department also subtracted more than $13,000 because of welfare benefits which the complainant had received during the period in question. The issue on appeal involved only this $13,000 item of deduction.

For the reasons hereinafter stated,

the judgment of the trial court is affirmed.

As a subdivision of the assignment of error set forth, *supra,* it is stated:

"A. The Commission did not order the deduction of public assistance benefits from the back pay award."

The Commission contends that it had formulated a policy to the effect that public assistance benefits are not a proper deduction from a back pay award. See R.C. 4112.04 (A)(5). It is contended, without dispute, that the Civil Rights Commission has not published any such policy and that the Lucas County Welfare Department had no previous knowledge of the existence of such a policy. We determine that the issue is not whether or not a policy was formulated, but whether the Civil Rights Commission can, in effect, determine the criteria upon which the damages resulting from a violation of R.C. 4112.02 (A) are based.

R.C. 4112.05 (G) states, in part, that:

"* * * If the commission directs payment of back pay, it shall make allowance for interim earnings."

It is noted that this section of the Revised Code does not prohibit the Civil Rights Commission from making allowance for other items, such as welfare payments, federal, state and local taxes, and other payroll deductions.

R.C. 4112.06 provides for judicial review of the final order of the Civil Rights Commission in the court of common pleas. R.C. 4112.061 authorizes an appeal by the Civil Rights Commission from an adverse judgment rendered in the court of common pleas. R.C. 4112.051 provides for the enforcement of the order of the Civil Rights Commission. R.C. 4112.051 (E) provides for award by the court of actual damages. Such damages are not intended to be punitive.

Even though R.C. 4112.04 (A)(5) states, in part, that the Civil Rights Commission shall, "[f]ormulate policies to effectuate the purposes of sections 4112.01 to 4112.11 of the Revised Code, and make

recommendations * * * to effectuate such policies," this section of the Revised Code does not grant the commission the right to set criteria for the determination of damages.

R.C. 4112.06 (E) provides that the commission's findings of fact shall be conclusive; however, the final order of the commission is subject to the order of the court either enforcing, modifying, or setting aside the determination of the commission.

Appellee asserts that there are no reported Ohio cases specifically on point; analogous federal cases should be considered in interpreting the Ohio Civil Rights Statute.

We agree.

"* * * [F]ederal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000 (e) et seq., Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm. (1981), 66 Ohio St. 2d 192 at 196 [20 O.O.3d 200].

Appellee's review of relevant federal cases, infra, correctly indicates that the award of back pay in the instance of employment discrimination under R.C. 4112.05 (G) is neither intended to punish the employer nor to provide a windfall to the victim of said discrimination; the award is to compensate the victim.

"An award of back pay * * * [is] * * * 'an integral part of the whole relief which seeks, not to punish the respondents but to compensate the victim of discrimination.' * * * [T]he injured workers must be restored to the economic position in which they *would have been but for the discrimination* * * *." Pettway v. American Cast Iron Pipe Co. (C.A. 5, 1974), 494 F.2d 211, 252. (Emphasis added.)

See, also, Claiborne v. Illinois Central R.R. (C.A. 5, 1978), 18 EPD ¶8674 at 4668; Robinson v. Lorillard Corp. (C.A. 4, 1971), 3 EPD ¶8267.

Appellee further contends that it is improper to apply the National Labor Relations Act standards prohibiting the deduction of collateral benefits (e.g., unemployment compensation, welfare payments, food stamps) from back pay awards, to a Title VII employment discrimination case such as the instant one. We agree. The Second Circuit upheld the district court's refusal to apply NLRB standards in such a case in EEOC v. Enterprise Assn. Steamfitters Local 638 (C.A. 2, 1976), 12 EPD ¶11,212 at 5593:

"* * * We see no compelling reason for providing the injured party with double recovery for his lost employment; no compelling reason of deterrence or retribution against the responsible party * * *."

See, also, Kyriaki v. Western Electric Co. (D.C.N.J. 1979), 20 EPD ¶30,273 (specifically allowing a deduction of unemployment compensation benefits from a back pay award); Satty v. Nashville Gas Co. (C.A. 6, 1975), 10 EPD ¶10,359 (allowing a deduction of unemployment insurance and temporary wages); Thurber v. Jack Reilly's, Inc. (D. Mass. 1981), 26 EPD ¶32,108 (allowing deduction of unemployment compensation and food stamps from a back pay award).

Applying the principles expressed in these cited cases, we conclude that the trial judge, under the facts of this case, did not err in deducting from the back pay award the $13,000 previously paid in public assistance benefits and overpayments in food stamps. Appellant's sole assignment of error is not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Court of Common Pleas of Lucas County is affirmed.

This cause is remanded to said court for execution of judgment and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

CONNORS, P.J., and BARBER, J., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6 (C), Article IV, Constitution.